IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD P. KAPLAN,

                    Plaintiff,

          v.

JUDGE THOMAS MILLER, et al.,

                    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-7307 (JBS-KMW)

**OPINION**

APPEARANCES:

Richard P. Kaplan, Plaintiff Pro Se
#28621-050
FCI Otisville – MED
PO Box 1000
Otisville, NY 10963

**SIMANDLE, Chief District Judge:**

**I.    INTRODUCTION**

     Plaintiff Richard P. Kaplan seeks to bring a civil rights complaint pursuant to the 42 U.S.C. §§ 1983, 1985, the Federal Tort Claims Act, and the New Jersey State Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1 et seq. (Docket Entry 1). By Order dated August 24, 2015, this Court administratively terminated Plaintiff's complaint. (Docket Entry 2). Plaintiff resubmitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Docket Entry 3), and this Court granted the application and filed the complaint on October 15, 2015,

(Docket Entry 5). Plaintiff submitted a motion for injunctive relief on October 9, 2015. (Docket Entry 4).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint for failure to state a claim and for seeking relief from immune defendants. 28 U.S.C. § 1915(e)(2)(b)(ii)-(iii). Plaintiff's motions for injunctive relief and the appointment of counsel will be denied as moot.

## II. BACKGROUND

Plaintiff is a federal prisoner presently detained at FCI Otisville, New York. He alleges his ex-wife, Margherita Pitale, conspired with Plaintiff's former attorneys: Stephen Altman, Scott Resnik, Frederick W. Klepp, Timothy Dey, and Jill Ann Lazare; her former attorneys: Lisa M. Vignuolo and Anthony R. Vignuolo; and New Jersey Superior Court Judge Thomas C. Miller (collectively "Defendants") "to make sure any Pleading that Mr. Kaplan files would be denied . . . ." (Docket Entry 1 at 4). He further alleges Defendants engaged in "political interference," by "allowing the Governor of New Jersey . . . and the Mayor 'James Cahill' to persuade [Ms. Pitale] to set Mr. Kaplan up on

2

his First Bribery case[1] – and then Political members used Margherita Pitale to assist in setting Mr. Kaplan up in the second case[2] . . . when Mr. Kaplan is Factually Innocent on both cases . . . ." (Docket Entry 1 at 5). In addition to conspiring with the government to keep Plaintiff confined, Defendants purportedly conspired to award Ms. Pitale all of the marital assets during her divorce from Plaintiff. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff was represented by Mr. Altman during his first criminal case wherein he was charged with violating 18 U.S.C. § 666. (Docket Entry 1 at 2). Plaintiff alleges Mr. Altman "kept [him] in the dark. where [sic] there was no Discovery materials, view by [his] Atty or by [himself]. Before Mr. Altman told [Plaintiff] to accept a fictitious plea agreement." (Docket Entry 1 at 2). During the pendency of his murder-for-hire case, Plaintiff was represented first by Ms. Mack out of the Federal Public Defender's Office, followed by Mr. Resnik and Mr. Klepp.

---

[1] Plaintiff pled guilty in 2007 to violating 18 U.S.C. § 666 for accepting cash payments and other services in exchange for official action. *United States v. Kaplan*, No. 07-0329 (D.N.J. Sept. 6, 2007).

[2] Plaintiff pled guilty in 2008 to violating 18 U.S.C. § 1958(a) for attempting to hire an undercover officer through an inmate informant to murder Ms. Pitale. *United States v. Kaplan*, No. 08-0581 (D.N.J. Mar. 23, 2010).

3

(Docket Entry 1 at 2). Plaintiff alleges Mr. Resnik "failed to
live up to his side of truthfullness [sic] and conduct," and
that Mr. Klepp "never exposed any Discovery materials or let
[him] view any exculpatory evidence that could have helped
[him]." (Docket Entry 1 at 2). Plaintiff states Mr. Dey, who
represented Plaintiff from 2009-2010, "failed to take the Bull
by the Horns and stand up to the threatening and malicious
actions by the U.S. Attys Office, that was going to keep [him]
Falsely Imprisoned for a longer period of time." (Docket Entry 1
at 2).

Plaintiff further alleges Mr. Dey worked in conjunction
with Ms. Pitale and her attorneys, Lisa and Anthony Vignuolo, to
defraud the Superior Court of New Jersey during the divorce
proceedings between her and Plaintiff. (Docket Entry 1 at 2). He
claims his divorce attorney, Ms. Lazare, communicated with Mr.
Resnick and "was feeding the City of New Brunswick Law
Enforcement with [his] defense strategies." (Docket Entry 1 at
3). He asserts Lisa and Anthony Vignuolo conspired to entrap him
on the murder-for-hire charge in order to ensure Ms. Pitale won
all of the marital assets in the divorce. (Docket Entry 1 at 3).
Finally, he alleges all of this was done with the full knowledge
and acquiescence of the judge overseeing the divorce
proceedings, Judge Miller. According to the complaint, Judge
Miller "has certainly shown his bias when he consistently Denies

4

all my Motions . . . ." (Docket Entry 1 at 3). Plaintiff also
states Judge Miller "allowed outside Political Interference . .
. [to] play a role in the decisions Judge Miller makes in ruling
on Mr. Kaplan[']s cases." (Docket Entry 1 at 5). Plaintiff
asserts Defendants collectively concealed documents and assets
during his divorce proceedings and criminal cases in order to
frame him and ensure Ms. Pitale received the majority of the
marital assets. (Docket Entry 1 at 7).

Plaintiff seeks $150,000 in compensatory damages and
$150,000 in punitive damages from each defendant. (Docket Entry
1 at 8). He asks for injunctive relief in the form of an order
instructing defendants "to stop obstructing justice/stop
defrauding the courts and public," (Docket Entry 4 at 1), as
well as the appointment of pro bono counsel, (Docket Entry 1-3).

## III. Standard of Review

Per the Prison Litigation Reform Act, Pub. L. No. 104-134,
§§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996)
("PLRA"), district courts must review complaints in those civil
actions in which a prisoner is proceeding *in forma pauperis*, *see*
28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental
employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim
with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The
PLRA directs district courts to *sua sponte* dismiss any claim
that is frivolous, is malicious, fails to state a claim upon

5

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*, and under § 1915A as he is seeking relief from a government entity or employee.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

### A. Judicial Immunity

The claims brought against Judge Miller must be dismissed with prejudice as he has absolute judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Ibid.* In determining whether an act qualifies as a "judicial act," courts look to

"the nature of the act itself, *i.e.*, whether it is a function
normally performed by a judge, and to the expectation of the
parties, *i.e.*, whether they dealt with the judge in his judicial
capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not
immune for actions, though judicial in nature, taken in the
complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.
Neither of these exceptions apply here.

All of Judge Miller's actions challenged by Plaintiff took
place during Plaintiff's divorce proceedings. Specifically,
Plaintiff alleges Judge Miller improperly denied his motions.
(Docket Entry 1 at 3). Plaintiff's allegations of bad faith and
conspiracy, even if true, would not deprive Judge Miller of his
immunity as judicial immunity is not overcome by allegations of
bad faith or malice. *Id.* at 11; *see also Gallas v. Supreme Court
of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not
be lost merely because the judge's action is 'unfair' or
controversial."). Ruling on motions is an integral part of the
judicial function and was within Judge Miller's jurisdiction as
the judge overseeing the divorce proceedings. He is therefore
entitled to complete judicial immunity, and the claims against
him must be dismissed with prejudice.

## B. Conspiracy

Plaintiff also brings a conspiracy claim against both his and his ex-wife's former attorneys, as well as Ms. Pitale. This claim must also be dismissed.

Plaintiff has not established the attorney defendants and Ms. Pitale are "state actors" within the meaning of § 1983. To make out a conspiracy claim under § 1983, [Plaintiff] must show that 'persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)). According to the complaint, the attorneys were either privately retained to represent Plaintiff or Ms. Pitale, or they were employed by the Federal Public Defender's Office.[3] "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[3] Plaintiff's conspiracy claims against Defendants could conceivably be referred to an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a private cause of action to recover damages against federal actors for constitutional violations), as the complaint alleges Ms. Mack was employed by the Federal Public Defender's Office. As his primary argument is that the attorneys conspired with Judge Miller, a state official, (Docket Entry 1 at 6), the Court will refer to Plaintiff's action as a § 1983 claim. The same legal principles apply to *Bivens* and § 1983 claims, however. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("A *Bivens* action . . . is the federal equivalent of the § 1983 cause of action against state actors . . . .").

defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454
U.S. 312, 325 (1981); *see also Murphy v. Bloom*, 443 F. App'x
668, 670 (3d Cir. 2011) (holding no *Bivens* cause of action
against privately-retained attorney or court-appointed
attorney). The attorney defendants are therefore not "state
actors" within the meaning of § 1983 unless Plaintiff can
sufficiently allege a close nexus between the state and the
attorneys.

"[T]he under-color-of-state-law element of § 1983 excludes
from its reach merely private conduct, no matter how
discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v.
Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks
omitted). However, "the deed of an ostensibly private
organization or individual," such as the attorney defendants or
Ms. Pitale, may be treated as state action if, and only if,
"there is such a 'close nexus between the State and the
challenged action' that seemingly private behavior 'may be
fairly treated as that of the State itself.'" *Brentwood Acad. v.
Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295
(2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S.
345, 351 (1974)). Plaintiff alleges he has shown this close
nexus as he has

> presented facts that establish all defendants have
> violated the Rules of Professional Conduct and Jointly
> conspired *with Judge Miller in all of Mr. Kaplans cases.*

> The defendants assisted *defendant Margherita A. Pitale*
> *in Fraudulently Concealing assets so they could*
> *especially defendant Jill ann Lazare &* defendant Timothy
> J. Dey, [sic] the record before the court states they
> represented *Mr. Kaplan but in all reality they were*
> *assisting Margherita A. Pitale to conceal documents such*
> *as Condos in Florida etc.*

(Docket Entry 1 at 6) (emphasis in original). Although Plaintiff
alleges the attorney defendants and Ms. Pitale conspired with
Judge Miller to deprive Plaintiff of due process and his
liberty, the complaint lacks any factual basis to conclude said
conspiracy existed.

The "Request for Admissions and Interrogatories" annexed to
Plaintiff's complaint demonstrate he has no facts to support his
allegations. (Docket Entry 1 at 9-11). For example, Plaintiffs
asks Ms. Pitale: "Did you take part in the Civil Conspiracy
against your Husband *who was loyal to you for 27 years?*" (Docket
Entry 1 at 10 (emphasis in original)). He asks Judge Miller:
"Have you spoken to any political heads?" (Docket Entry 1 at 9).
These "interrogatories" demand that Defendants provide the
factual basis for his complaint and indicate Plaintiff had no
factual support for his claims prior to filing the complaint. In
the absence of any factual support for his allegations
whatsoever, the attorney defendants' and Ms. Pitale's actions
cannot be said to have been so closely intertwined with Judge
Miller's actions that they may be deemed to be "state actors"
under § 1983. Even if the attorney defendants and Ms. Pitale

11

were themselves state actors, the complaint lacks "sufficient factual matter" to show that the conspiracy claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Plaintiff has therefore failed to state a § 1983 conspiracy claim against the attorney defendants and Ms. Pitale.[4]

## C. Federal Tort Claims Act

Plaintiff also seeks to bring a claim under the Federal Tort Claims Act ("FTCA"). (Docket Entry 1 at 1). 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of

---

[4] Plaintiff's claims under 42 U.S.C. § 1985 must also be dismissed. "Section 1985(3) establishes a cause of action against any person who enters into a private conspiracy for the purpose of depriving the claimant of the equal protection of the laws." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981). Plaintiff has failed to sufficiently allege a conspiracy, let alone one "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]"*Kirkland v. DiLeo*, 581 F. App'x. 111, 118 (3d Cir. 2014).

12

physical injury. *See* 28 U.S.C. § 1346(b)(1)-(2) (providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (holding that the FTCA does not provide for equitable relief).

Plaintiff has not named the United States as a defendant in this case, nor is there any basis to construe the complaint as being against the United States. Federal constitutional violations, such as those claimed by Plaintiff, are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). Moreover, a plaintiff suing under the Act must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Ibid.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Ibid.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). Thus even if

13

the complaint could be construed as raising a tort claim against the United States, the complaint would still have to be dismissed as there is no indication Plaintiff served the United States with a tort claims notice. Plaintiff's FTCA claim is dismissed for failure to state a claim.

## C. *Heck v. Humphrey*

The complaint must also be dismissed as it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87; *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))).

The complaint is replete with allegations that Defendants conspired to falsely convict and imprison Plaintiff for bribery

14

and murder for hire. He alleges his attorneys purposefully failed to investigate and defend his cases and forced him to "accept a fictitious plea agreement." (Docket Entry 1 at 2; see also Docket Entry 1 at 4-7). Were Plaintiff to succeed on the merits of his conspiracy claims, the validity of his federal convictions would be called into question. Therefore under *Heck*, these claims may not proceed unless and until the convictions have been invalidated by some means. As there is no indication that his convictions have been overturned,[5] his complaint may not proceed at this time.

**D. State Law Claims**

To the extent the complaint raises state law claims, the Court declines to exercise supplemental jurisdiction over them as all of the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3).

---

[5] Plaintiff's challenges to the performances of his criminal attorneys are more appropriately brought in a motion to vacate, correct, or set aside a federal sentence under 28 U.S.C. § 2255. The Court notes that Plaintiff has previously challenged both of his convictions under § 2255, and both challenges have been rejected by the Third Circuit. *See Kaplan v. United States*, No. 15-1958 (3d Cir. Oct. 13, 2015); *Kaplan v. United States*, No. 13-4657 (3d Cir. Apr. 9, 2014). The Court therefore declines to separate his challenges to his attorneys' effectiveness into a new § 2255 proceeding as it is precluded from considering such motions absent an order from the Third Circuit. 28 U.S.C. §§ 2244(b)(3), 2255(h).

## E. Injunctive Relief

Plaintiffs requesting prospective injunctive relief "must allege a real and immediate threat of future injury." *Doe v. Div. of Youth & Family Servs., 148 F. Supp. 2d 462, 478 (D.N.J. 2001)* (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). As Plaintiff has failed to state a claim upon which relief may be granted, his request for injunctive relief is denied as moot.

## F. Appointment of Counsel

Plaintiff has also moved for the appointment of counsel. (Docket Entry 1-2). As the complaint is being dismissed with prejudice, the motion shall be denied as moot.

## G. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

As noted previously in this Opinion, Plaintiff's complaint is devoid of any factual support for his allegations that Defendants conspired to incriminate and imprison him or concealed documents from him. His "Requests for Admissions" indicate he has nothing to support his allegations, and it would not be in the interests of justice to permit Plaintiff to continue to file baseless allegations. The Court therefore finds

16

that amendment would be futile, and Plaintiff shall not be

granted leave to amend.

**IV.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with

prejudice. An appropriate order follows.


**January 12, 2016**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge

17